UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LANCE DOUGLAS ROARK                                          PETITIONER

V.                                  CIVIL ACTION NO. 3:24-CV-572-KHJ-MTP

UNITED STATES OF AMERICA                                     RESPONDENT

ORDER

This matter is before the Court sua sponte for case management purposes.
For the reasons stated, the Court dismisses this case without prejudice.

On September 23, 2024, Roark filed a [1] Petition for Writ of Habeas Corpus
under 28 U.S.C. § 2241. The next day, the Magistrate Judge ordered Roark either to
pay the $5 filing fee or amend his application to proceed *in forma pauperis* by
October 24. Order [3] at 1.

Roark did neither. Instead, he filed a [4] Motion to Appeal, which the Court
construed as a motion to review the Magistrate Judge's [3] Order. *See* Order [5] at
1. The Court denied that motion. *Id.* In doing so, the Court ordered: "No later than
14 days from the entry of this Order, Roark shall either (1) pay the $5 filing fee or
(2) amend his application to proceed *in forma pauperis*." *Id.* at 2 (emphasis omitted).
And the Court explained that "[f]ailure to timely comply with any Order of the
Court may result in the dismissal of this case." *Id.*

Even so, Roark failed to comply. Instead, he mailed a procedurally improper
[6] "Motion for Injunction" directly to the Fifth Circuit, seeking an injunction

allowing him to proceed "without paying a filing fee." *See* [6] at 1; Envelope [6-1] at 1.[1]

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Court ordered Roark either to "(1) pay the $5 filing fee or (2) amend his application to proceed *in forma pauperis*" within 14 days. [5] at 2. And the Court warned that failure to comply "may result in the dismissal of this case." *Id.* Still, Roark failed to comply. The Court therefore dismisses this case without prejudice for failure to prosecute and to obey a court order.

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The

---

[1] The Court never certified any interlocutory order for appeal. *See* 28 U.S.C. § 1292(b).

Clerk of Court shall mail this Order and the final judgment to Roark at his address of record.

      SO ORDERED, this 12th day of December, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE