UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LANCE DOUGLAS ROARK                                                PETITIONER

V.                                    CIVIL ACTION NO. 3:24-CV-572-KHJ-MTP

UNITED STATES OF AMERICA                                          RESPONDENT

ORDER

Before the Court is pro se Petitioner Lance Douglas Roark's [10] Motion to Vacate, which the Court construes as a motion to reopen this case. The Court denies the motion.

On December 12, 2024, the Court dismissed this case without prejudice for failure to obey a Court Order. Order [8] at 2. On December 19, Roark moved to reconsider that dismissal. *See* [10]. The Court has considered Roark's submission and the relevant legal authority.

Since Roark filed this motion within 28 days of the [9] Final Judgment, the Court treats the motion as made under Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion to alter a judgment should not be granted unless there is (1) an intervening change in the controlling law, (2) new evidence that could not have been diligently discovered earlier, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003); *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567–68 (5th Cir. 2003). Motions for reconsideration are not to be used to relitigate old matters or

to present evidence that could have been raised prior to entry of judgment. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). "Whatever may be the purpose of Rule 59(e)[,] it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (cleaned up).

The Court dismissed this case because Roark refused to comply with the Court's [3, 5] Orders either to pay the $5 filing fee or amend his application for leave to proceed *in forma pauperis*. [8] at 1–2. In arguing for reconsideration, Roark first submits that he filed a complaint, not a petition for habeas relief. *See* [10] at 1. But that argument, if true, would make Roark liable for a greater filing fee, whether or not he is granted pauper status. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). He also falsely asserts that the Court "admitted that charging a filing fee is contrary to law." [10] at 1. The Court did not. *See* Order [5] at 2. Finally, Roark claims that "it is not reasonable to make [him] jump through the same hoops [he] just jumped through in the name of tyranny." [10] at 2. Whatever Roark means, he does not demonstrate that the Court's dismissal was in error. Since he does not demonstrate a basis to reconsider the [9] Final Judgment, the Court denies Roark's motion.

For the reasons stated, the Court DENIES pro se Petitioner Lance Douglas Roark's [10] Motion to Vacate, which the Court construes as a motion to reconsider.

SO ORDERED, this 14th day of January, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

2